ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 16 2005

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TRANSCOM ENHANCED SERVICES, LLC § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:05-CV-75-Y |
| § | |
| AT&T CORPORATION, ET AL. § | |

ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION, DISMISSING
ALL CLAIMS AGAINST AT&T, STAYING ALL CLAIMS AGAINST
SBC COMMUNICATIONS, INC., AND ADMINISTRATIVELY CLOSING CASE

Pending before the Court is plaintiff Transcom Enhanced Services, LLC ("Transcom")'s Application for Temporary Restraining Order ("TRO") and Preliminary Injunction, filed February 4, 2005. The Court held a conference with the parties regarding Transcom's application on Thursday, February 10, 2005. After holding the conference and having carefully considered the application and responses, the Court concludes that the plaintiff's Application for Temporary Restraining Order and Preliminary Injunction should be DENIED.

As to defendant AT&T Corporation ("AT&T"), the Court concludes that the mandatory forum-selection clause contained in the contract[1] that Transcom and AT&T entered into on July 11, 2003, places jurisdiction elsewhere and, thus, prevents this Court from ruling on the TRO or any of Transcom's claims against AT&T. Consequently, all of Transcom's claims against AT&T must be

---

[1] The contract is known as the AT&T Master Agreement, MA Reference No. 120783 ("Master Agreement"). Section 13.6 of the Master Agreements states: "The parties consent to the exclusive jurisdiction of the courts located in New York City, USA."

DISMISSED.[2]

As to defendant SBC Communications, Inc. ("SBC"), the Court concludes that the "first-to-file rule"[3] prevents this Court from ruling on the TRO or any of Transcom's claims against SBC until the United States District Court for the Eastern District of Missouri ("Missouri District Court") has ruled on Transcom's pending motion to dismiss for lack of personal jurisdiction and determines whether it has jurisdiction to hear the suit.[4] *See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 731 n.5 (5th Cir. 1985); *PaineWebber Inc. v. Chase Manhattan Private Bank*, 260 F.3d 453, 461 (5th Cir. 2001); *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987). Consequently, the Court will stay all of Transcom's claims against SBC until the Missouri District Court decides whether it has personal jurisdiction over Transcom to hear the case.

Based on the foregoing, it is ORDERED that the plaintiff's Application for a TRO and Preliminary Injunction [doc. # 3] is DENIED.

It is further ORDERED that all claims against defendant AT&T

---

[2]*See, e.g., Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 1996) (stating that dismissal of an action filed in the wrong court is "an appropriate means of enforcing a forum selection clause").

[3]The general rule when two related actions are filed in courts of concurrent jurisdiction is that the court that first acquired jurisdiction should try the lawsuit. *See Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

[4]Several of SBC's local exchange carriers filed suit against several parties, including Transcom, in the United States District Court for the Eastern District of Missouri on September 23, 2004.

are DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that all claims against SBC are STAYED.

In an effort to manage this Court's docket more efficiently, the above-styled and numbered cause should be and is hereby ADMINISTRATIVELY CLOSED. Once the Missouri District Court has ruled on Transcom's motion to dismiss for lack of personal jurisdiction, the parties shall notify the Court whether this case should be reopened, transferred, or dismissed.

SIGNED February **16**, 2005.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

TRM/knv